1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                              SOUTHERN DISTRICT OF CALIFORNIA

10

11   CHANTAL ARIOSTA, *et al.*,              )   Civil No. 08cv2421-L(AJB)
                                            )
12                       Plaintiffs,        )   **ORDER GRANTING IN PART AND**
                                            )   **DENYING IN PART PLAINTIFFS'**
13   v.                                      )   **MOTION TO STRIKE**
                                            )
14   FALLBROOK UNION HIGH SCHOOL             )
     DISTRICT, *et al.*,                      )
15                                           )
                         Defendants.        )
16   _____     )

17          This action is based on alleged violation by school officials of students' and student

18   advisor's First Amendment and other rights.  Plaintiffs filed a motion to strike pursuant to

19   Federal Rule of Civil Procedure 12(f) all of the twenty defenses asserted in Defendants' answer.

20   Subsequently Defendants withdrew affirmative defenses 1-5, 9 and 14-17 but opposed the

21   motion in other respects.  (Opp'n at 2.)  For the reasons which follow, the motion is **GRANTED**

22   **IN PART AND DENIED IN PART**.

23          This action arises out of incidents related to *The Tomahawk*, a newspaper published by

24   the journalism class at Fallbrook High School ("FHS").  Plaintiffs allege that tn November 2007,

25   Plaintiff Chantal Ariosta ("Arisota"), a senior attending the journalism class, wrote an article

26   regarding the alleged refusal of former Fallbrook Union High School District ("FUHSD")

27   Superintendent Tom Anthony to comply with a request from the fire marshal to close the school

28   for use as an evacuation center during the wildfires of October 2007, and the FUHSD's

1   subsequent buyout of the Superintendent's contract.  (First Am. Compl. at 3.)  Defendant Rod

2   King ("King"), the FHS principal, ordered the article removed in its entirety from the

3   newspaper.  (*Id*. at 3-4).

4          In spring 2008, Plaintiff Margaret Dupes ("Dupes"), a senior student, wrote an editorial,

5   which was a critique of the Bush Administration's abstinence-only policy of sex education and a

6   response to an assembly sponsored by FHS promoting abstinence-only sex education which was

7   held earlier in the school year.  Plaintiff Daniela Rogulj ("Rogulj"), a student and Opinion Page

8   Editor collaborated on the editorial with Dupes and edited it.  King caused the editorial to be

9   removed from the newspaper.  (*Id*. at 4.)

10         Plaintiff David Evans ("Evans") was during the relevant times a teacher at FHS and the

11  advisor to the journalism class and *The Tomahawk*.  In June 2008, he complained to the FUHSD

12  President about the foregoing events.  The next day King met with Evans and expressed his

13  displeasure over Evans' conversation with the FUHSD President and informed him he was

14  cancelling the journalism class, terminating the publication of *The Tomahawk*, and removing

15  Evans as faculty advisor.  (*Id*. at 4-5.)

16         This action was brought against the FUHSD and King by Evans, Arisota, Dupes, Rogulj

17  and two students who registered for and planned to take the journalism class.  The First

18  Amended Complaint alleges claims for violation of California Education Code Section 48907,

19  Article I, Section 2(a) of the California Constitution, First Amendment of the United States

20  Constitution, and California Labor Code Section 1102.5(b) and (c).  Plaintiffs seek declaratory

21  and injunctive relief and damages, including punitive damages against King.

22         The action was filed in state court and removed by Defendants based on federal question

23  jurisdiction.  Defendants filed an answer asserting twenty affirmative defenses.  Plaintiffs moved

24  pursuant to Rule 12(f) to strike them as legally insufficient and inadequately pled.

25         Rule 12(f) gives the court authority to "strike from a pleading an insufficient defense or

26  any redundant, immaterial, impertinent, or scandalous matter."  "The function of a 12(f) motion

27  to strike is to avoid the expenditure of time and money that must arise from litigating spurious

28  issues by dispensing with those issues prior to trial."  *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524,

1   1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994) (internal quotation marks,

2   brackets and citation omitted); *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir.

3   1983).  "Rule 12(f) motions are generally viewed with disfavor because striking a portion of a

4   pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory

5   tactic." *Waste Mgmt Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001) (internal

6   quotation marks and citations omitted); *see also Heller Fin., Inc. v. Midwhey Powder Co.*, 883

7   F.2d 1286, 1294 (7th Cir. 1989).

8       However, where "motions to strike remove unnecessary clutter from the case, they serve

9   to expedite, not delay." *Heller Fin.*, 883 F.2d at 1294.  Therefore, "a defense that might confuse

10  the issues in the case and would not, under the facts alleged, constitute a valid defense to the

11  action can and should be deleted." *Waste Mgmt Holdings*, 252 F.3d at 347.  The relevant issue

12  on a Rule 12(f) motion to strike an insufficient defense is whether as a matter of law the defense

13  asserted is insufficient. *See Fabrica Italiana Lavorazione Materie Organiche, S.A. v. Kaiser

14  Aluminum & Chem. Corp.*, 684 F.2d 776, 779 (11th Cir. 1982); *Kaiser Aluminum & Chem.

15  Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982); *see also Heller

16  Fin.*, 883 F.2d at 1294.  "Affirmative defenses will be stricken only when they are insufficient on

17  the face of the pleadings." *Heller Fin.*, 883 F.2d at 1294.

18      Plaintiffs also move to strike a number of defenses as inadequately pleaded.  The pleading

19  requirements for affirmative defenses are no more stringent than those for the complaint.  5

20  Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1274 (2009).

21  Specifically, a defense must be stated "in short and plain terms" as required by Rule 8(b), and

22  "each allegation must be concise and direct" as required by Rule 8(d)(1). *Id.*  The defendant

23  must put plaintiff on "fair notice of the nature of the defense pleaded." *Wyshak v. City Nat'l

24  Bank*, 607 F.2d 824, 827 (9th Cir. 1979).  Great specificity is not required at the pleading stage

25  because a defense which is not asserted in the answer is ordinarily waived. *See 999 v. C.I.T.

26  Corp.*, 776 F.2d 866, 870 n.2 (9th Cir. 1985); *see also* Fed. R. Civ. P. 8(c) ("In responding to a

27  pleading, a party must affirmatively state any avoidance or affirmative defense").  Accordingly,

28  / / / / /

1   great specificity regarding the factual basis for the defense is not required by Rule 8 applies.  5

2   Wright & Miller, *Fed. Practice and Proc.* § 1274.

3                                    Sixth Affirmative Defense

4          Plaintiffs move to strike Defendants' sixth affirmative defense for qualified immunity as

5   legally insufficient.  This defense is alleged to apply to "any violation of a statutory or

6   constitutional right."  (Answer at 5.)  Plaintiffs argue that this overstates the scope of qualified

7   immunity.  Defendants agree, and request leave to amend to limit the defense to the federal

8   claims, which are asserted only against King.  (Opp'n at 3.)

9          For the first time in the reply brief, Plaintiffs also argue that the unlawfulness of King's

10  cancellation of the journalism class in retaliation for Evans' exercise of his First Amendment

11  rights was so apparent at the time in light of pre-existing law, that the qualified immunity

12  defense to the retaliation claim should be stricken as to the federal claims as well.  Because this

13  argument was raised for the first time in reply, Defendants did not have an opportunity to

14  respond.  Parties should not raise new issues for the first time in their reply briefs.  *Eberle v. City*

15  *of Anaheim*, 901 F.2d 814, 818 (9th Cir. 1990).  The court therefore declines to address this issue

16  at this time.  However, Plaintiffs may raise it in an appropriate motion and give Defendants an

17  opportunity to respond.

18         Accordingly, Plaintiffs' motion to strike the sixth affirmative defense is granted with

19  leave to amend.  In the amended answer Defendants shall state that this defense is asserted only

20  with respect to the third and fourth causes of action pursuant to 42 U.S.C. § 1983 and only

21  against King.

22                                   Eighth Affirmative Defense

23         Plaintiffs next move to strike the eighth affirmative defense as legally insufficient.  The

24  defense is based on immunity for discretionary acts of public employees pursuant to California

25  Government Code Section 820.2.  Plaintiffs argue that the defense is insufficient as a matter of

26  law as to each cause of action.  (*See* Pls' Mem. of P.&A. at 5-7.)  Defendants oppose the motion

27  only to the extent it challenges the sufficiency of the defense with respect to the decision to

28  / / / / /

1   cancel the journalism class.  They argue that the decision to cancel the class was a discretionary

2   act.  (Opp'n at 4.)

3       The cancellation of the journalism class is included, among other factual bases, in the

4   second cause of action for violation of the California constitution, third and fourth causes of

5   action pursuant to 42 U.S.C. § 1983, and fifth cause of action for violation of California Labor

6   Code Section 1102.5.[1]  Accordingly, Defendants have conceded the insufficiency of the defense

7   with respect to the first cause of action and to the extent the remaining causes of action are based

8   on other factual allegations than the cancellation of the journalism class.  *See* Civ. Loc. Rule

9   7.1(f)(3).  In the alternative, the court finds Plaintiffs' arguments in this regard (Pls' Mem. of

10  P.&A. at 5-6) well supported and well taken.

11      Defendants' opposition is unavailing with respect to the federal constitutional claims

12  asserted in the third and fourth causes of action because "[c]onduct by persons acting under

13  color of state law which is wrongful under 42 U.S.C. § 1983 . . . cannot be immunized by state

14  law." *Howlett v. Rose*, 496 U.S. 356, 376 (1990).

15      The opposition is also without merit with respect to the fifth cause of action for violation

16  of Labor Code Section 1102.5.  Plaintiff Evans alleges that the cancellation of the journalism

17  class was a retaliatory act for his refusal to participate in King's censorship of *The Tomahawk*

18  and/or for reporting it to the FUHSD's board members.  (First Am. Compl. at 9-10.)  As a result

19  of the cancellation, Evans was removed from his position as advisor to the journalism class and

20  lost the related stipend.  (*Id.*)  Evans claims the FUHSD violated subsections (b) and (c), which

21  prohibit an employer from "retaliat[ing] against an employee for disclosing information to a

22  government . . . agency, where the employee has reasonable cause to believe that the information

23  discloses a violation of state or federal statute," *id*. § 1102.5(b), or for "refusing to participate in

24  an activity that would result in a violation of state or federal statute," *id*. § 1102.5(c).

25      This cause of action is asserted only against the FUHSD.  Section 820.2 by its express

26  terms applies only to "public employees."  Cal. Gov't Code § 820.2 ("Except as otherwise

27  

28      [1]   The sixth cause of action for declaratory relief is entirely derivative of the
        preceding five causes of action.  (*See* First Am. Compl. at 11.)

1   provided by statute, a public employee is not liable for an injury resulting from his act or

2   omission where the act or omission was the result of the exercise of the discretion vested in him,

3   whether or not such discretion be abused.").  The FUHSD is a public entity as defined in section

4   811.2 ("Public entity" includes the State, . . . a county, city, district, public authority, public

5   agency . . ..").  Section 820.2 applies to public employees, which are defined as "employee[s] of

6   a public entity."  *Id.* § 811.4.  California Government Claims Act includes separate provisions

7   for liability and immunity of public entities on one hand, *id.* §§ 815 - 818.9, and public

8   employees on the other, *id.* §§ 820-823.  Accordingly, section 820.2 immunity does not apply to

9   FUHSD and is therefore inapplicable to the fifth cause of action.

10          Last, the court considers the applicability of section 820.2 immunity to the second cause

11   of action for violation of Plaintiffs' free expression rights under the California Constitution.

12   Defendants' sole argument is that the FUHSD's decision to cancel the class was a discretionary

13   act within its authority.  (Opp'n at 4.)

14          For the reasons discussed above, the argument is without merit to the extent Defendants

15   assert section 820.2 immunity on behalf of FUHSD.  To the extent the claim is asserted against

16   King, Defendants do not contest or otherwise address Plaintiffs' argument that section 820.2

17   immunity does not apply to claims brought under the California constitution.  (*Cf.* Pls.' Mem.

18   P&A at 6 & Opp'n at 4.)

19          Based on the foregoing, Plaintiffs' motion to strike the eighth affirmative defense is

20   granted.

                              Thirteenth Affirmative Defense

22          Plaintiffs move to strike the thirteenth affirmative defense which asserts immunity

23   pursuant to California Government Code Sections 815, 815.2(b), 820(b), 820.2[2] and 820.8.

24   They argue the defense is legally insufficient and inadequately pleaded.  In the opposition,

25   Defendants

26

27          [2]      The arguments pertinent to section 820.2 were fully addressed above with respect
28   to the eighth affirmative defense.  Defendants do not make any additional arguments in the
     context of the thirteenth affirmative defense.  (Opp'n at 6.)

1 / / / / /

2 limit this defense to the first cause of action for violation of California Education Code Section

3 48907 to the extent Plaintiffs seek damages.  (Opp'n at 6.)

4 Section 48907 "specifically protects student expression in official school publications."

5 *Smith v. Novato Unified Sch. Dist.*, 150 Cal. App. 4th 1439, 1451 (2007).  Defendants argue that

6 a claim for damages under the statute is barred because "there is no liability under the California

7 Government Claims Act."[3]  (Opp'n at 6.)

8 This argument is unavailing to the extent Defendants rely on section 815 governmental

9 entity immunity.  While section 815 expressly abolishes common law tort liability for public

10 entities, it leaves them open to statutory claims for damages.  *Miklosy v. Regents of the Univ. of*

11 *Cal.*, 44 Cal.4th 876, 899 (2008); *Adkins v. California*, 50 Cal. App. 4th 1802, 1817-18 (1997)

12 ("governmental tort liability must be based on statute; all common law or judicially declared

13 forms of tort liability, except as may be required by state or federal Constitution, were

14 abolished"), abrogated on other grounds in *City of Moorpark v. Super. Ct. (Dillon)*, 18 Cal.4th

15 1143 (1998).

16 Defendants also rely on section 815.2(b), which provides that "[e]xcept as otherwise

17 provided by statute, a public entity is not liable for an injury resulting from an act or omission of

18 an employee of the public entity where the employee is immune from liability."  The only

19 immunity provision asserted on behalf of King in this action is section 820.2, which was

20 addressed in the context of the eighth affirmative defense.  Because section 820.2 does not bar

21 any Plaintiffs' claims, section 815.2(b) is equally insufficient.

22 Defendants base their defense in part on section 820(b), which provides that the liability

23 of a public employee "is subject to any defenses that would be available to the public employee

24 if he were a private person."  Accordingly, to the extent defenses remain available to King, he is

25

26 _____

[3] This argument can also be understood to suggest that section 48907 does not
27 provide for a private right of action.  (*See* Opp'n at 6 ("Nowhere in the statute does the
California Legislature provide a student with private right to sue for damages.").)  This legal
28 issue is independent of the immunities referenced in the thirteenth affirmative defense.  The
court therefore does not express any opinion regarding this issue.

08cv2421

1  not precluded from relying on them simply because he is a public employee.  Although this

2  provision does not create a new defense or immunity, pleading it as a defense in the answer is

3  not insufficient as a matter of law.

4       Last, Defendants base their defense in part on section 820.8, which provides that

5  "[e]xcept as otherwise provided by statute, a public employee is not liable for an injury caused

6  by the act or omission of another person.  Nothing in this section exonerates a public employee

7  from liability for injury proximately caused by his own negligent or wrongful act or omission."

8  To the extent the thirteenth affirmative defense is based on this provision, it is unclear how it

9  applies to this case because Plaintiffs do not allege any injury caused by another person.

10  Accordingly, if Defendants intend to assert this defense, they must provide a short and plain

11  statement to give Plaintiffs notice that they intend to rely on an act or omission of a third party.

12       Based  on the foregoing, Plaintiffs' motion to strike the thirteenth affirmative defense as

13  insufficient is granted with respect to sections 815 and 815.2(b) and denied with respect to

14  sections 820.2, 820(b) and 820.8.  Defendants' request for leave to amend is granted only to the

15  extent the defense is based on sections 820(b) and 820.8.  In the amended answer Defendants

16  shall state the defense applies only to the first cause of action for violation of California

17  Education Code Section 48907 to the extent Plaintiffs seek damages.  Furthermore, if

18  Defendants intend to assert this defense pursuant to section 820.8, they shall include a short and

19  plain statement giving Plaintiffs notice they intend to rely on an act or omission of a third party.

Eighteenth Affirmative Defense

21       In the eighteenth affirmative defense Defendants allege that "the Complaint is limited or

22  barred by failure to exhaust all collective bargaining grievance procedures, which bars or

23  diminishes any recovery."  (Answer at 9.)  Plaintiffs maintain this defense is insufficient as a

24  matter of law and inadequately pleaded.  In their Opposition, Defendants limit the defense to the

25  fifth cause of action by Evans against the FUHSD for violation of Labor Code Section 1102.5.

26  (Opp'n at 6.)  Specifically, they claim that the collective bargaining agreement between the

27  FUHSD and Fallbrook Union High School Teachers Association contains a grievance procedure

28  Evans was required to follow.  (*Id*.)

1    / / / / /

2         Defendants rely on *Campbell v. Regents of the University of California*. 35 Cal.4th 311,

3    321 (2005), which stated, "where an administrative remedy is provided by statute, relief must be

4    sought from the administrative body and this remedy exhausted before the courts will act."

5    However, their defense does not allege a statute provides an administrative remedy.  Instead,

6    they point to the collective bargaining agreement.  Under California law, contractual grievance

7    procedures offered by a collective bargaining agreement are treated differently than

8    administrative remedies provided by statute.  *See, e.g., Ortega v. Contra Costa Cmty Coll. Dist.*,

9    156 Cal. App. 4th 1073, 1083 (2007).

10        Furthermore, to determine whether administrative remedies, whether contractual or

11   statutory, have been exhausted, depends on whether the claim asserted is covered by the

12   applicable statute or agreement providing for administrative remedies.  *See Lloyd v. County of*

13   *Los Angeles*, 172 Cal. App. 4th 320, 326-28 (2009) (analyzing  the county's civil service rules to

14   determine whether they covered discrimination based on whistleblowing); *Zavala v. Scott Bros.*

15   *Diary, Inc.*, 143 Cal. App. 4th 585, 592-96 (2002) (defendant failed to identify a collective

16   bargaining provision requiring plaintiffs to follow grievance procedures for complaints of

17   statutory violations); *Tracy Educators Ass'n v. Super. Ct. (Tracy Unified Sch. Dist.)*, 96 Cal.

18   App. 4th 530, 538-39 (grievance procedure did not cover dispute over a statutory provision

19   about leave for union activity).  Neither party has provided an analysis of this issue in the

20   context of the collective bargaining agreement referenced by Defendants.

21        Last, statutory rights are often considered independent of the collective bargaining

22   process.  *Zavala*, 143 Cal. App. 4th at 592-95, 596; *see also Tracy Educators Ass'n*, 96 Cal.

23   App. 4th at 538 (exhaustion of administrative remedies not required to enforce compliance with

24   a controlling Education Code statute); *United Teachers - Los Angeles v. Los Angeles Unified*

25   *Sch. Dist.*, 24 Cal. App. 4th 1510, 1519 n.4 (1994) (same).  Neither party analyzes this issue in

26   the context of California Labor Code Section 1102.5.

27        Plaintiffs argue that, as a matter of law, a claim which does not seek to enforce a

28   collective bargaining agreement is not subject to collective bargaining grievance procedures.

1   (Pls' Mem. of P.&A. at 9.)  In support they cite *Zavala, Tracy Educators Association* and *United*

2   *Teachers - Los Angeles*.  Although these cases held that exhaustion of the administrative

3   remedies as provided in the collective bargaining agreement was not required, none of the

4   decisions is based in the broad assertion advocated by Plaintiffs.  In each case, the court

5   analyzed the statutory claim against the statutory framework and the agreement at issue.

6   Plaintiffs' argument is therefore rejected.

7          Neither party has analyzed the issue whether the Fallbrook Union High School Teachers

8   Association collective bargaining agreement covers Evans' Labor Code claim.  On this record,

9   which does not include the collective bargaining agreement, the court cannot conclude that the

10  defense is insufficient as a matter of law.

11         To the extent Plaintiffs complain that the defense is inadequately pleaded, Defendants

12  request leave to amend.  Accordingly, Plaintiffs' motion to strike the eighteenth affirmative

13  defense is granted with leave to amend.  In the amended answer, Defendants shall state that the

14  defense is limited to the fifth cause of action for violation of California Labor Code Section

15  1102.5 and identify the collective bargaining agreement they are relying on.

16                               Twentieth Affirmative Defense

17         In the twentieth affirmative defense Defendants allege failure to exhaust judicial

18  remedies.  Plaintiffs argue the reference to the exhaustion of judicial remedies is misleading and

19  that the defense is inadequately pleaded.  (Pls' Mem of P.&A. at 17 citing *Cal. Pub. Employees'*

20  *Ret. Sys. v. Super. Ct. (Trobee)*, 160 Cal. App. 4th 174, 181 (2008)[4].)  In the opposition,

21  Defendants imply that the defense is limited to the fifth cause of action.  (*See* Opp'n at 8.)  They

22  argue that after exhausting administrative remedies, Evans failed to judicially challenge the

23  adverse employment action through a petition for a writ of mandate.  (*Id*. citing *Johnson v. City*

24  *of Loma Linda*, 24 Cal.4th 61, 69-71 (2000).)

25         The issue of judicial exhaustion may arise when a party initiates and takes to decision an

26  administrative process as a matter of administrative exhaustion.  *McDonald v. Antelope Valley*

27

28         [4]     This authority  has been disapproved.  *State Bd. of Chiropractic Examiners v.*
    *Super. Ct. (Arbucle)*, 45 Cal.4th 963, 978 n.5 (2009).

1   *Cmty Coll. Dist.*, 45 Cal.4th 88, 113 (2008).

2       Once a decision has been issued, provided that decision is of a sufficient judicial
3       character to support collateral estoppel, respect for the administrative
    decisionmaking process requires that the prospective plaintiff continue that process
4       to completion, including exhausting any judicial avenues for reversal of adverse
    findings.  Failure to do so will result in any quasi-judicial administrative findings
5       achieving binding, preclusive effect and may bar further relief on the same claims.

6   *Id.*; *see also Johnson*, 24 Cal.4th at 70 (administrative mandamus action is "necessary to avoid

7   giving binding effect to the administrative agency's decision").

8       Exhaustion of judicial remedies is relevant only if Evans is required to exhaust

9   administrative remedies as asserted in the eighteenth affirmative defense.  That this defense

10   appears inconsistent with the eighteenth affirmative defense, which implies that Evans has not

11   pursued his administrative remedies, is not fatal because defendants are permitted to plead

12   alternative and inconsistent defenses.  Fed. R. Civ. P. 8(d).

13       Even if Defendants are correct and Evans is required to exhaust administrative remedies,

14   and even if all the requirements for preclusive effect to attach to the agency decision were

15   satisfied in this case, exhaustion of judicial remedies in the form of a petition for a writ of

16   mandate, while generally required, is not necessarily required.  *See State Bd. of Chiropractic*

17   *Examiners v. Super. Ct. (Arbucle)*, 45 Cal.4th 963, 975-76 (2009).  In some instances, the statute

18   authorizing the claim for relief does not require judicial exhaustion.  *See id.* at 974-78.

19       Neither party has addressed this issue or any of the other conditions which have to be met

20   before judicial exhaustion becomes a requirement.  Accordingly, on this record, the court cannot

21   conclude that the twentieth affirmative defense is insufficient as a matter of law.

22       To the extent Plaintiffs argue that the defense is not pleaded with sufficient specificity,

23   Defendants request leave to amend.  Accordingly, Plaintiffs' motion to strike the twentieth

24   affirmative defense is granted with leave to amend.  In the amended answer, Defendants shall

25   state that the defense is limited to the fifth cause of action for violation of California Labor Code

26   Section 1102.5.

27   / / / / /

28   / / / / /

08cv2421

1  / / / / /

2  <u>Seventh, Tenth, Eleventh, Twelfth and Nineteenth Affirmative Defenses</u>

3  Plaintiffs move to strike the seventh, tenth, eleventh, twelfth and nineteenth affirmative

4  defenses solely on the ground they were inadequately pleaded.  In every instance Defendants

5  requested leave to amend.

6  The seventh affirmative defense alleges failure to mitigate damages.  Plaintiffs complain

7  that it is a "bare bones" allegation which mentions only a generic "plaintiff," therefore leaving it

8  unclear as to which Plaintiff it refers to.  In the opposition, Defendants requested leave to amend

9  and limited the defense to Ariosta, Dupes, Rogulj and Evans to the extent they are claiming

10  money damages.  (Opp'n at 4.)  Accordingly, Plaintiffs' motion to strike the seventh affirmative

11  defense is granted with leave to amend.  In the amended answer Defendants shall identify the

12  Plaintiffs against whom they are asserting this defense.

13  The tenth affirmative defense is based on unspecified "statutes of limitations."  In

14  *Wyshak*, the court found a "bare bones" statute of limitations defense adequately pleaded

15  because the defendant identified the applicable statute.  607 F.2d at 827.  Accordingly, the

16  defense is inadequately pleaded in this case.  Furthermore, Defendants do not identify the causes

17  of action allegedly barred by the statute.  Defendants seek leave to amend to identify such

18  claims.  (Opp'n at 5.)  Plaintiffs' motion to strike the tenth affirmative defense is granted with

19  leave to amend.

20  The eleventh affirmative defense is based on the doctrine of laches.  Plaintiffs argue that

21  the defense does not allege any legal elements of laches or factual basis for asserting the defense

22  in this case.  In their opposition, Defendants explain their factual basis for the defense and offer

23  to amend their answer.  (*See* Opp'n at 5.)  Accordingly, Plaintiffs' motion to strike the eleventh

24  affirmative defense is granted with leave amend.

25  The twelfth affirmative defense alleges unclean hands.  Plaintiffs argue that the defense

26  does not provide any factual basis.  The court notes that the defense also does not specify the

27  parties or claims to which it is intended to apply.  In the opposition, Defendants provide a factual

28  basis to allege the defense against Evans and offer to amend their Answer.  (Opp'n at 5.)

1 / / / / /

2 Accordingly, Plaintiffs' motion to strike the twelfth affirmative defense is granted with leave

3 amend.

4      The nineteenth affirmative defense is based on after-acquired evidence of misconduct.

5 Defendants allege that the complaint is "limited or barred by plaintiff's wrongdoing that would

6 have resulted in an adverse employment action . . .." (Answer at 9.)  Plaintiffs argue that the

7 defense should be stricken because it references a Second Amended Complaint although no such

8 pleading has been filed in this case.  Furthermore, they maintain that the defense is alleged in a

9 conclusory  manner and does not put them on fair notice.  The defense does not indicate to

10 which parties it is intended to apply and it does not identify the alleged misconduct.  In their

11 opposition, Defendants explain that the defense relates only to the claims asserted by Evans and

12 offer to state the factual basis with more specificity in an amended answer.  (Opp'n at 7.)

13 Accordingly, Plaintiffs' motion to strike the nineteenth affirmative defense is granted with leave

14 to amend.

15      For the foregoing reasons, Plaintiffs' motion to strike is **GRANTED IN PART AND**

16 **DENIED IN PART** as follows:

17      1.  Plaintiffs' motion to strike the sixth affirmative defense as insufficient is granted to the

18 extent the defense is asserted against the first, second and fifth causes of action, and denied to

19 the extent the defense was asserted against the third and fourth causes of action.  Defendants'

20 request for leave to amend is granted.  In the amended answer Defendants shall state that this

21 defense is asserted only with respect to the third and fourth causes of action pursuant to 42

22 U.S.C. § 1983 and only against Defendant King.

23      2.  Plaintiffs' motion to strike the seventh affirmative defense as inadequately pleaded is

24 granted with leave to amend.  In the amended answer Defendants shall identify the Plaintiffs

25 against whom they are asserting this defense.

26      3.  Plaintiffs' motion to strike the eighth affirmative defense as insufficient is granted.

27      4.  Plaintiffs' motion to strike the tenth affirmative defense as inadequately pleaded is

28 granted with leave to amend.  In the amended answer Defendants shall identify the statutes of

     08cv2421

1 limitations they are relying on and specify the causes of action they claim are time barred.

2 /////

3      5.  Plaintiffs' motion to strike the eleventh affirmative defense as inadequately pleaded is

4 granted with leave to amend.  In the amended answer Defendants shall incorporate the factual

5 basis for their defense with at least as much specificity as stated in their opposition papers.

6      6.  Plaintiffs' motion to strike the twelfth affirmative defense as inadequately pleaded is

7 granted with leave to amend.  In the amended answer Defendants shall incorporate the factual

8 basis for their defense with at least as much specificity as stated in their opposition papers and

9 specify the parties and claims against which they are asserting this defense.

10      7.  Plaintiffs' motion to strike the thirteenth affirmative defense as insufficient is granted

11 to the extent the defense is based on California Government Code Sections 815, 815.2(b) and

12 820.2, and denied to the extent it is based on sections 820(b) and 820.8.  Defendants' request for

13 leave to amend is granted only to the extent the defense is based on sections 820(b) and 820.8.

14 In the amended answer Defendants shall state the defense applies only to the first cause of action

15 for violation of California Education Code Section 48907 to the extent Plaintiffs seek damages.

16 Furthermore, if Defendants intend to base this defense on California Government Code Section

17 820.8, they shall include a short and plain statement giving Plaintiffs notice they intend to rely

18 on an act or omission of a third party.

19      8.  Plaintiffs' motion to strike the eighteenth affirmative defense as insufficient is denied.

20 Plaintiff's motion to strike the defense as inadequately pleaded is granted with leave to amend.

21 In the amended answer Defendants shall state that the defense is limited to the fifth cause of

22 action for violation of California Labor Code Section 1102.5 and identify the collective

23 bargaining agreement they are relying on.

24      9.  Plaintiffs' motion to strike the nineteenth affirmative defense as inadequately pleaded

25 is granted with leave to amend.  In the amended answer Defendants shall correct the erroneous

26 reference to the Second Amended Complaint, state that the defense applies only to Evans,

27 identify the claims to which it applies, and provide a factual basis as offered in their opposition

28 papers.

10.  Plaintiffs' motion to strike the twentieth affirmative defense as insufficient is denied. Plaintiff's motion to strike the defense as inadequately pleaded is granted with leave to amend. In the amended answer Defendants shall state that the defense is limited to the fifth cause of action for violation of California Labor Code Section 1102.5.

**IT IS SO ORDERED**.

DATED:  June 4, 2009

_____
M. James Lorenz
United States District Court Judge

COPY TO:

HON. ANTHONY J. BATTAGLIA
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL